**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOHNNY DUMAS, Inmate #N72723,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-210-JLF** |
| ) | |
| **JASON GARNETT and R. STOUT,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

  **COUNT 1:** Against Defendant Stout for denying him access to the law library.

  **COUNT 2:** Against Defendant Stout for denying him medical services.

  **COUNT 3:** Against Defendant Stout for denying him contact with his family.

  **COUNT 4:** Against Defendant Garnett for failing to respond to his grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL BACKGROUND

Plaintiff states that on January 8, 2005, he was waiting in the Health Care Unit at the Lawrence Correctional Center for an appointment with a psychiatrist. He asked defendant Stout three times to use the inmate restroom in the Health Care Unit, but Stout refused. Plaintiff then lost control of his bladder and urinated on himself. Plaintiff was restrained in handcuffs and put in segregation. He was not allowed to see the psychiatrist as scheduled and had to wait until January 28, 2005, for another appointment. Plaintiff states that in segregation he is denied access to the law library, does not receive "timely medical services," causing him to hear voices and have hallucinations, and is denied contact with his family

members. Plaintiff states that Defendant Stout deliberately refused his requests to use the restroom so that Plaintiff would be put in segregation, and would be denied access to the law library, medical attention, and contact with his family. Plaintiff also states that Defendant Garnett, the prison Warden, "made no effort to resolve these matters."

### COUNT 1

Prisoners have no independent right of access to law libraries, but courts analyze infringements on access to legal materials under the constitutional right of access to courts. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993). Regardless of the length of an alleged

delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603.

In this case, Plaintiff makes no allegations of any prejudice to any specific litigation, either pending or contemplated. Therefore, he has not presented a viable constitutional claim regarding interference with his access to the courts. Count 1 is **DISMISSED** from the action with prejudice.

## COUNT 2

Plaintiff states that as a result of being put in segregation because defendant Stout refused to let him use the toilet, he was denied medical services from his psychiatrist, resulting in hearing voices and hallucinations. Plaintiff states that at the time of the incident on January 8, 2005, he was waiting to see his psychiatrist . He did not attend the appointment that day, but had to wait 20 days, until January 28, 2005, to see the psychiatrist.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"

> *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

Neglect of a prisoner's health becomes a violation of the Eighth Amendment

>only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

Although Plaintiff may have a serious medical need for medication, he has not stated a claim of deliberate indifference. Documents filed with the Court (at Doc. 7) indicate that Plaintiff refused medical services and medications on January 12 and 17, and that Plaintiff's medications were renewed by a psychiatrist on January 22, 2005.  And, as Plaintiff states in his complaint, he saw a psychiatrist on January 28, 2005, only twenty days after he was placed in segregation.  The documents submitted by Plaintiff belie any assertion that he was denied medical treatment between January 8 and January 28, 2005.  Accordingly, Count 2 is **DISMISSED** from this action with prejudice.

**COUNT 3**

The Supreme Court and the Seventh Circuit have addressed the rights to visitation, use of the telephone, and personal mail. Prisoners do not have a fundamental right to unfettered visitation arising directly from the constitution. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 460 (1989). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." *Id.* at 461, *citing Hewitt v. Helms,* 459 U.S. 460 (1983). Nor does the Constitution recognize an inmate's liberty interest in telephone privileges. *See Sandin v. Connor,* 115 S.Ct. 2293 (1995). Regulations limiting telephone use by inmates have been sustained routinely as reasonable. *See, e.g., Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir. 2001); *Pope v. Hightower,* 101 F.3d 1382, 1384-85 (11th Cir. 1996); *Washington v. Reno,* 35 F.3d 1093, 1100 (6th Cir. 1994); *Benzel v. Grammar,* 869 F.2d 1105, 1108 (8th Cir. 1989); *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir. 1988); *Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir. 1986); *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982) (inmates have no right to unlimited telephone use). Finally, short-term and sporadic delays in receipt of non-legal mail do not state a deprivation of constitutional dimension. *See Rowe v. Shake*, 196 F.3d. 778, 782-83 (7th Cir. 1999).

Plaintiff does not specify how he was denied contact with his family, but it is clear from the above-noted standards that minor restrictions on visitation, telephone usage, and mail do not rise to the level of an unconstitutional deprivation. Without more to explain the alleged deprivation, Plaintiff has failed to state a claim. Accordingly, Count 3 is **DISMISSED** from this action with prejudice.

#### COUNT 4

Plaintiff states that he filed a grievance regarding these matters, but that it was ignored. He also states, "the Warden Jason Garnett who is a defendant has made no effort to resolve these matters, which leaves [Plaintiff] to suffer from the above matters." The Court construes this allegation as a claim that Plaintiff's grievance was not resolved to his satisfaction.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Furthermore, "the doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff does not allege specifically how Defendant Garnett is responsible for the deprivations. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982)

(director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Based on these standards, Plaintiff has not stated a claim for relief under section 1983. Accordingly, Count 4 is **DISMISSED** with prejudice from the action. *See* 28 U.S.C. § 1915A.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**
**DATED: January 19, 2006.**

*s/ James L. Foreman*
**DISTRICT JUDGE**